Curia, per

Butler, J.
The clause of the Act of 1794, under which the defendant is indicted, is recited in the indictment, and is in these words : *97 That every surveyor, who shall have wilfully and knowingly violated the instructions of the Surveyor General, in not marking out the boundaries of all lands formerly granted, and which are within the survey by him or them made, shall be prosecuted by the Attorney General and Circuit Solicitors of the respective districts, upon proper application being made to either of them.”
The meaning of this clause, I think, is explained by the clauses that precede it, and to give it a true construction we must refer to them.'
The preamble to the Act states, that greedy speculators had been, and are still, in the practice of taking out extensive grants of land, without regard to their having been granted and settled, and without designating the boundaries of older grants, included within them ; and in this way deceiving and cheating foreigners. By way of remedy, the first Clause enacts,’ that the land office shall be closed for four years from the passing of the Act; within which time, no grant to be taken out for more than five hundred acres; and but one grant to be made to but one person.
The second clause provides, that where any warrants have been issued previous to the passing of the Act, if deputy surveyors shall wilfully and knowingly locate them Upon older grants, without noticing the same ; and if the said warrants shall be hereafter carried into grants ; or where there are any grants of land actually made out, ready to be delivered; or where any plats are returned to the land office, and shall hereafter be carried into grants, which plats or grants comprehend within their limits any tract of land before granted, without the same being noted, it shall be lawful for any of the proprietors of the land before granted, or any person interested therein, to bring an action against the subsequent grantee ; and it is made the duty of the court, before which such action is tried, upon verdict being rendered in favor of the party complaining, to declare the subsequent grant, and every part thereof, fraudulent and void, to all intents and purposes; and the plaintiff is allowed to recover such damages as the jury may assess, and treble costs.'
The preamble to the third clause recites in substance, that since the passing of the Act of 1791, establishing the mode of granting vacant lands; divers grants of large tracts of land have been obtained, which included one or more large surveys which have not been elapsed, without designating the same in their plats, whereby foreigners are imposed on by plats which appeared fair on their face, and owners of land included within such grants, are harrassed, and put to great trouble in setting up and establishing their titles. To prevent the alarm, litigation, and imposition, which the practice 6f taking out such' large grants was calculated to pro *98 duce, the third clause enacts, “ That the said surveys were made in violation of the instructions given to deputy surveyors in this State ; that said grants have been obtained contrary to the intention of the legislature, in establishing the mode of granting vacant lands in this State; that the Governor must have been deceived when he signed the same ; and that on its being proved, in the manner before enacted, to the satisfaction of any district court and jury, within whose jurisdiction the land lies, that such grants actually contain, within their limits, one or more settlements, the property of others under former surveys, without designating the same in the plats, and obtaining their consent (where such consent could be obtained,) to run the same, the court shall declare such grants to be void to all intents and purposes.” Then succeeds the clause under which the defendant is indicted, and which is copied above.
It seems to me, the diiect purpose and obvious meaning of this Act were to prevent, in future, large grants of land from being taken out, in the manner they had been obtained before the Act was passed ; to avoid such as had been fraudulently taken out, without designating the boundaries of older grants, included within their limits; and to punish such deputy surveyors as had wilfully violated their instructions, and had made their offices subservient to the designs of fraudulent speculators. To invert the statement — the intention of the Act was to punish those who had perpetrated the frauds, and abused the law ; to declare void the grants that had been fraudulently obtained thereby; and by shutting up the land office, to prevent, in future, such large grants from being taken out. The office was closed for four years, except for grants of five hundred acres each, to an individual. After four years, the legislature did not seem to apprehend the continuance of the mischief complained of. If it had, it would have used significant and appropriate language to prevent and punish future abuses. It would have used such language as this: That all deputy surveyors who shall hereafter, (after 1798, to which time the land office is closed against all large grants,) wilfully and knowingly violate the instructions to the Surveyor General, shall be prosecuted. But the Act under consideration contains no such language. It uses language clearly indicating past mischiefs and abuses, “ that every deputy surveyor who sliaUhave, knowingly and wilfully, violated the instructions of the survey- or general, &c. shall be prosecuted.” The words, “ shall have,” should be read, “ shall have heretofore.” The third clause of the Act says, “that grants of land had been obtained, on surveys made by deputy surveyors, in violation of their instructions from the Surveyor General.” So that it is evident that the deputy surveyors had been in the habit of violating in *99 structions which they had received from the Surveyor General’s office, previous to the passing of this Act. For the authority of the Surveyor General to give such instructions, see P. L. 487, Act of Assembly, 1789. By the fee bill of 1791, the Surveyor General is allowed five shillings for a deputation and instrutions to a deputy surveyor. To make some provision in the Act, therefore, for the punishment of those who had been guilty of violating these instructions, was natural in the legislature, when it was making provision for remedying the mischiefs that had grown out of their conduct. It is said, that by giving the Act this construction, it will be giving it a retrospective operation, and make it an ex post facto law, in violation of the constitution. This may be so. But penal statutes must be construed strictly in favor of those charged with violations of them. 1 think the meaning I have given to this clause is conformable with its true as well as its strict construction. And the same objection which is made to the construction of this clause, may be made to nearly all the other clauses in the Act. The legislature had no right to declare any grants void, which contained land not embraced in former grants. To the extent of their location on older grants they were void in fact, but for land not em braced in older surveys, they were perfectly good, if they were regularly obtained, and had the signature of the Governor. Indeed, they have been in some instances, recognized and established by courts, to be valid beyond the limits of older grants included in them.
In saying that the clause under which th6 defendant is indicted, must have a retrospective operation, I would not impute to the legislature that enacted it, a wilful violation of the constitution. It was, no doubt, enacted without adverting to the provisions of the constitution at the time. It was the honest purpose of the legislature to remedy great mischiefs and frauds, and to punish those who had perpetrated them. But no citizén should be deprived of his constitutional security and protection, from any wish of the court to carry into effect the laudable designs of the legislature. Both legislature and judiciary must act in subordination to, and under control of, the constitution.
I do not pretend to decide, that a deputy surveyor may not be proceeded against by indictment, for malpractice in office. The defendant is charged now, of an offence defined by statute ; he is charged in the words of the statute; and if he is not one of those intended to be punished by this statute, he must go clear from this indictment. In a Court of'Sessions, no defendant can be found guilty, but of some definite offence, strictly set out in an indictment. An indictment for malpractice in office, is something like an impeachment of an officer for misdemeanor in office. The *100 indictment should contain a specification of the acts that constitute the de? fendant’s guilt.
Peiigru, for the State. S. Cohen Mazyclc, for defendant.
The indictment under consideration is for a statutory offence, and professes to proceed under the Act that defines the offence. And from the construction which I have given it, and from the point of view in which I have regarded it, the defendant cannot be found guilty under it.
The opinion of the judge below must be reversed, and the demurrer to the indictment sustained.
Justices CJNeall and Earle, and Chancellors DeSausrure and Harper, concurred. Justice Gantt and Chancellor Johnson, absent. Richardson, J. dissented.